I fully concur in the majority's analysis and disposition of appellant's second assignment of error. However, I respectfully dissent from the majority's analysis and disposition of appellant's first assignment of error.
My disagreement centers around the effect Ordinance No. 1305, effective September 6, 1994, has upon any determination Ordinance No. 1365, effective June 16, 1997, is constitutional as applied to appellants Gordon, Robertson and Pauly.[2]
As noted by the majority, ". . . in some cases the line between substantive and remedial may be difficult to ascertain, . . . "[3]
I readily concede Ordinance No. 1365 is not facially unconstitutional. The issue is whether it is unconstitutional as applied to appellants Gordon, Robertson and Pauly because it is retroactive.
Ordinance No. 1305 provided, in part, any existing houses would not be required to connect to the Village water system even if they were then or later came to be within 200 feet of a waterline. The ordinance granted appellants Gordon, Robertson and Pauly the right to continue to use their own wells.
Having determined appellants Gordon, Robertson and Pauly were exempted from the obligation to connect to the village water system, and given the right to use their own wells by virtue of Ordinance No. 1305, the question becomes, did Ordinance No. 1365 take away that vested right, affect an accrued substantive right, or impose a new or additional burden, duty, obligation or liability as to a past transaction. I believe it does and, accordingly, find appellants' Gordon's, Robertson's and Pauly's right to use their wells was a substantive right.[4] I find Ordinance No. 1365 does more than merely relate to procedures which are ordinarily remedial in nature, such as rules of practice, courses of procedure and methods of review. Applying the Van Fossen test, I find Ordinance No. 1365 is substantive in its application to appellants Gordon, Robertson and Pauly and is unconstitutional in its retroactive application to them.
[2] Appellant Wilson's home was not built until 1995.
[3] Majority Opinion at 5, citing Van Fossen v. Babcock Wilcox Co. (1998), 36 Ohio St.3d 100, para. 3 of the syllabus.
[4] There was no evidence appellants' well water was unfit for consumption or otherwise unsanitary.